United States District Court
Southern District of Texas
**ENTERED**
July 31, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIKAL BOWMAN, | § |
| Plaintiff, | § § § |
| VS. | §   CIVIL ACTION NO. 4:22-CV-02309 |
| ANTONY BLINKEN, | § § § |
| Defendant. | § |

## ORDER

Before the Court are *pro se* Plaintiff's (1) Motion to Reset and Extend Deadline ("Motion to Extend Deadline") (Doc. #54) and (2) Motion for Leave to File Under Seal and Ex Parte ("Motion for Leave") (Doc. #55). The Court will first address Plaintiff's Motion for Leave and then turn to Plaintiff's Motion to Extend Deadline.

In the Motion for Leave, Plaintiff requests permission to file her Motion to Extend Deadline (Doc. #54) under seal because it "contains confidential information regarding [her] medical condition." Doc. #55 at 1. The Court has discretion to seal a record, but that discretion must be mindful of "the public nature of our judicial proceedings" and "the public's right to be informed." *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 230 (5th Cir. 2008). Here, Plaintiff only seeks to seal a motion to extend her deadline to obtain substitute counsel. *See* Doc. #54. The Court finds that sealing this limited motion will not unnecessarily restrict the public's right of access to information regarding this lawsuit. Accordingly, the Court grants Plaintiff's Motion for Leave to file her Motion to Extend Deadline under seal.

Next, Plaintiff seeks the Court's permission to file her Motion to Extend Deadline (Doc. #54) ex parte because "it concerns her efforts to obtain replacement counsel" and "does not affect Defendant's rights." Doc. #55 at 1. Federal Rule of Civil Procedure 5 provides that all written motions must be served on every party, unless the motion is of the specific type that may be heard ex parte. FED. R. CIV. P. 5(a)(1)(D). Plaintiff has not provided any legal authority supporting ex parte treatment. After review, the Court finds that the motion Plaintiff seeks to file ex parte relates to scheduling and case management. *See* Doc. #54. These are matters that affect both parties to this litigation, and Defendant is entitled to notice. Accordingly, the Court denies Plaintiff's Motion for Leave to file her Motion to Extend Deadline ex parte.

Finally, the Court turns to Plaintiff's Motion to Extend Deadline. Doc. #54. Plaintiff requests that the Court reset her deadline to secure substitute counsel and grant an additional thirty-day extension. *Id.* at 3–4. To address this request, a brief summary of the procedural history in this case is warranted. On February 25, 2025, following the withdrawal of Plaintiff's former attorney, the Court granted Plaintiff forty-five days to retain substitute counsel. Doc. #40. Plaintiff was warned that failure to retain new counsel could result in dismissal for want of prosecution. *Id.* Plaintiff failed to retain new counsel by the Court's first deadline. On April 30, 2025, the Court issued a subsequent order granting Plaintiff an additional twenty-one days to retain new counsel. Doc. #50 at 2. The Court again warned that failure to do so could result in dismissal for want of prosecution. *Id.* Yet, Plaintiff did not retain counsel by the extended deadline. Instead, on May 19, 2025, Plaintiff filed a motion requesting a sixty-day stay of all proceedings and deadlines. Doc. #51. The Court has not yet ruled on Plaintiff's May 19 Motion. However, more than sixty days have since passed, and Plaintiff has neither retained substitute counsel nor taken any action to advance this case.

Now, in the instant Motion to Extend Deadline, Plaintiff seeks an additional thirty-day extension to retain new counsel. Doc. #54. While the Court is mindful that Plaintiff is currently proceeding without counsel, even *pro se* litigants are expected to comply with court orders. *Fox v. United States*, No. 3:10-cv-126–DPJ–FKB, 2013 WL 1310558, at *3 (S.D. Miss. Mar. 28, 2013) ("[A]lthough pro se litigants are afforded substantial leeway, they too must comply with court orders and deadlines."). Under Rule 41(b), a court may dismiss an action without a motion from either party if a plaintiff fails to prosecute. FED. R. CIV. P. 41(b); *United States v. Amieva-Rodriguez*, 905 F.3d 288, 289 (5th Cir. 2018). Here, Plaintiff's failure to comply with two Court orders warrants dismissal. *See Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (noting that a district court may dismiss an action sua sponte for failure to comply with court orders). Therefore, pursuant to Federal Rule of Civil Procedure 41(b), this case is hereby DISMISSED WITHOUT PREJUDICE for want of prosecution. All other pending motions in this case are DENIED as MOOT.

Further, the Clerk is directed to keep Plaintiff's Motion to Extend Deadline (Doc. #54) UNDER SEAL.

It is so ORDERED.

_____JUL 3 0 2025_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge